UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THOMAS JUNIOR GADDIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-00828-LCB-SGC |
| ) | |
| STEVEN T. MARSHAL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Thomas Gaddis has filed numerous *pro se* lawsuits and habeas petitions in this district. Gaddis filed this action pursuant to 42 U.S.C. § 1983 and sought leave to proceed *in forma pauperis*. (Docs. 1, 2).[1] As he acknowledged in his complaint,[2] Gaddis has, on at least three prior occasions, brought a federal civil action that was dismissed for failure to state a claim upon which relief can be granted. Because he cannot proceed *in forma pauperis* and did not pay the filing and administrative fees at the time he filed his complaint, the magistrate judge entered a report recommending the court dismiss this action under the three strikes provision of 28 U.S.C. § 1915(g). (Doc. 4).

---

[1] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

[2] *See* Doc. 1 at 8 ("The record will reflect the Plaintiff is under the 3 strike(s) law.").

The court received Gaddis's objection on July 15, 2024, as well as a motion for an extension of time to pay the filing fee. (Docs. 5, 6). As discussed below, the court will deny Gaddis's motion for an extension of time to pay the filing fee and overrule his objection.

## I. Motion for Extension

The magistrate judge recommended this action be dismissed under the Prison Litigation Reform Act because (1) Gaddis has, on at least three prior occasions, brought a federal civil action that was dismissed for failure to state a claim upon which relief can be granted (commonly known as a "strike"),[3] and so he cannot proceed *in forma pauperis*; (2) he did not pay the filing and administrative fees when he filed this complaint; and (3) the allegations of the complaint contained no indication Gaddis is in imminent danger of serious physical injury. (Doc. 4). The Eleventh Circuit has held that when a prisoner with three strikes files a complaint without paying the filing fee, the district court should dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner

---

[3] *See Gaddis v. Giddens*, No. 21-0591-LSC-SGC, Doc. 2 (N.D. Ala. *dismissed* June 30, 2021) (cataloging Gaddis's many *pro se* matters, dismissing his § 2241 habeas case, deeming him a vexatious litigant, and restricting his ability to file future habeas petitions in this district); *see also Gaddis v. Yant,* No. 1:16-cv-01973-AKK-JEO (N.D. Ala. filed Dec. 9, 2016) (failure to state a claim); *Gaddis v. Ledbetter*, No. 1:16-cv-00348-RDP-JEO (N.D. Ala. filed Feb. 29, 2016) (failure to state a claim); and *Gaddis v. Andrijeski*, No. 1:16-cv-00682-VEH-JEO (N.D. Ala. filed Apr. 27, 2016) (failure to state a claim); *see also Gaddis v. Woodrouf*, No. 21-0460-CLM-SGC (N.D. Ala. dismissed May 14, 2021) (dismissing complaint under three strikes provision); *Gaddis v. Johnson*, No. 1:22-cv-00996-LCB-SGC (N.D. Ala. dismissed Aug. 29, 2022) (same).

cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee <u>at the time he initiates the suit</u>." *Id.* (emphasis added). The only exception to this rule arises when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Gaddis now asks the court to permit him additional time to raise the money to pay the filing fee through gofundme.com. (Doc. 5). As explained above, however, the law on this issue is clear – Gaddis cannot pay the filing fee after being denied *in forma pauperis* status. Because he has three strikes, Gaddis was required to pay the fee when he filed his complaint. His motion for an extension will therefore be denied.

## II. R&R and Gaddis's Objections

As indicated above, Gaddis acknowledges that he has accrued three strikes; however, he contends he meets the imminent danger exception to the three strikes rule. In his objection, he asserts that at various times since 2019, Sylacauga or Talladega law enforcement officers have injured him and attempted to execute him. (Doc. 6 at 1-8). These allegations echo other claims he has made in multiple lawsuits that allege an elaborate conspiracy between Talladega and Sylacauga law enforcement to target Gaddis for murder because he is a witness to their supposed corruption and crimes. *See, e.g., Gaddis,* 1:21-cv-00591-LSC-SGC, ECF No. 4. He also complains he committed a misdemeanor but was charged and sentenced for a felony, and he complains about the sentence he was given to serve. (*Id.* at 7-8). With

respect to the allegations in his lawsuit about his probation revocation proceedings, Gaddis claims he did not receive copies of some document, and the judge simply announced Gaddis's probation would be revoked. (*Id.* at 8). He argues this violates due process, and he still does not know why his probation was revoked. (*Id.*). He asserts that while he is within the state judicial system, he is "always in or under imminent danger of serious physical injury." (*Id.*).

Gaddis claims he is under imminent danger of serious physical injury because he is without medication and suffers from high blood pressure and bad eyesight. (*Id.* at 7). He fears he will be attacked or murdered, whether he is in or out of prison. (*Id.*). Gaddis's claim about a lack of medication appears only in his objection; this issue is not mentioned in his complaint. Instead, the complaint focuses on alleged violations of Gaddis's Fifth, Sixth, and Fourteenth Amendment rights during his probation revocation proceeding. (Doc. 1 at 3-4). His complaint alleges that during his May 2023 probation revocation hearing, Gaddis never received a written copy of the alleged probation violations, never saw the probation officer, and was not given time to prepare a defense. (*Id.* at 11). He also claims he was threatened and coerced. (*Id.*). As relief, he asks this court to order the defendants to serve him with "a written copy of the conditional regulations, evidence as to why his liberty has been taken from him." (*Id.* at 5).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[ ] imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, No. CIV.A. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007). Additionally, the allegations of imminent danger must be related to the crux of the claim. See *Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)) ("[T]he statute requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint.").

The claims Gaddis raises in his objection about his medication and general fear for his safety are unconnected to the crux of his complaint, which is focused on alleged procedural defects in his parole revocation proceedings. Because Gaddis's complaint contains no allegations of imminent danger of serious physical injury, he does not fall within the exception to § 1915(g). Therefore, this action is due to be dismissed.

After careful consideration of the record in this case and the magistrate judge's report, the court **OVERRULES** Gaddis's objection (Doc. 6), **ADOPTS** the report,

and **ACCEPTS** the recommendation. (Doc. 4). Consistent with that recommendation, Gaddis's application to proceed *in forma pauperis* is **DENIED** (Doc. 2), and this action is due to be dismissed without prejudice under 28 U.S.C. § 1915(g). Gaddis's motion for an extension of time is **DENIED**. (Doc. 5).

A separate order will be entered.

**DONE** and **ORDERED** this August 5, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE